DJW/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JENNIFER C. HOWSE,

                Plaintiff,                      CIVIL ACTION

v.                                          Case No.  04-2341-GTV-DJW

BARBARA F. ATKINSON, M.D.,
CURT H. HAGEDORN, M.D., and
KANSAS UNIVERSITY PHYSICIANS,
INC.,

                Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion to Stay Discovery (doc. 27) filed by Defendants Atkinson and Hegedorn and the Motion to Stay Discovery as to All Parties (doc. 36) filed by Defendant Kansas University Physicians, Inc. ("KUPI").  In their motions, Defendants request an order staying discovery in this case until the Motion to Dismiss (doc. 24) filed by Defendants Atkinson and Hagedorn is fully resolved.  For the reasons set forth below, the motions to stay are granted.

**I.     Background Information**

Plaintiff Jennifer Howse brings this lawsuit against Defendants KUPI, Atkinson, and Hagedorn, pursuant to 42 U.S.C. § 1983 and Kansas state law for various causes of action all stemming from the termination of her employment from KUPI.  In their Answer, Defendants Atkinson and Hagedorn raised, *inter alia*, Eleventh Amendment immunity and qualified immunity as affirmative defenses.

On February 25, 2005, Defendants Atkinson and Hagedorn filed a Motion to Dismiss (doc. 24), premised upon their entitlement to qualified immunity and the immunity conferred by the Eleventh

Amendment to the United States Constitution.

On March 10, 2005, Defendants Atkinson and Hagedorn filed their Motion to Stay Discovery until the Court rules on their Motion to Dismiss. Plaintiff filed a response in opposition to the motion to stay discovery, arguing that discovery should proceed against Defendant KUPI regardless of the Motion to Dismiss filed by Defendants Atkinson and Hagedorn. On April 11, 2005, Defendant KUPI filed its Motion to Stay Discovery as to All Parties (doc. 36). The Court is now ready to rule on the motions to stay discovery.

## II. Standard for Ruling on Motion to Stay Discovery

The general policy in this district is not to stay discovery even though dispositive motions are pending.[1] However, a court may appropriately stay discovery until a pending motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[2]

Another basis for staying discovery is based upon a defendant's assertion of an immunity defense in a dispositive motion.[3] Generally, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[4] "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed

---

[1] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

[3] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[4] *Id.*

upon those defending a long drawn out lawsuit."[5] The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[6]

### III.     Application of Standard to Facts of This Case

#### A.     Defendants Atkinson and Hagedorn

In their Motion to Stay Discovery, Defendants Atkinson and Hagedorn request that the Court stay discovery until the pending immunity issues have been resolved by the Court. They asserted an entitlement both to qualified immunity and the immunity conferred by the Eleventh Amendment in their Motion to Dismiss. Plaintiff opposes the motion to the extent that it stays discovery as to all Defendants. She proposes that discovery should be allowed to proceed against Defendant KUPI, and that any stay should be narrowly tailored so as to not preclude her from discovery on matters related to Defendants' dispositive motion and claims unrelated to the immunity defense.

Under the standards set forth above, the Court finds a stay of discovery as to Defendants Atkins and Hagedorn to be appropriate given that these Defendants have raised issues as to Eleventh Amendment immunity and qualified immunity in their Motion to Dismiss. The Court therefore grants the Motion to Stay Discovery (doc. 27) filed by Defendants Atkinson and Hegedorn.

#### B.     Defendant KUPI

Defendant KUPI has also filed a Motion to Stay Discovery as to All Defendants. Defendant KUPI concedes that it has not asserted an immunity defense that would warrant staying discovery pending a ruling on a dispositive motion. It argues that discovery should still be stayed as to all Defendants because a

---

[5]*Id.*

[6]*Id.*; *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

3

bifurcation of discovery is wholly inefficient, and judicial economy and the danger of unfair and substantial prejudice to Defendant KUPI warrants a stay of discovery as to all parties and claims pending the resolution of the motion to dismiss filed by Defendants Atkinson and Hagedorn.

Plaintiff opposes Defendant KUPI's request to stay discovery as to all Defendants. It argues that the purpose behind staying discovery for defendants who have asserted qualified immunity, i.e., to allow public officials to avoid the burdens of discovery and litigation, has no application to defendant KUPI, which has not advanced any immunity defense. It argues that staying discovery has consequences in that witnesses' memories fade, witnesses relocate, and documents get misplaced or destroyed. Plaintiff claims no policy reasons exist in this case to stay discovery against Defendant KUPI that would outweigh the prejudice she would suffer if the Court stayed discovery as to all Defendants. Plaintiff therefore requests that the Court deny Defendant KUPI's Motion to Stay and discovery be allowed to continue against Defendant KUPI.

The Court recognizes that staying discovery as to all Defendants has consequences to Plaintiff in that there are risks that witnesses' memories will fade, witnesses may relocate, and documents may get misplaced or destroyed. The Court, however, finds that in this case the risk is slight because Defendants are only seeking to a temporary stay of discovery until the Court rules on the Motion to Dismiss, filed on February 25, 2005 and fully briefed on April 11, 2005. The Court finds that Defendant KUPI would be prejudiced from having to proceed with bifurcated discovery while the Court resolves the immunity issues raised by Defendants Atkinson and Hagedorn. The Court further finds that bifurcation of discovery would be inefficient. Although Defendant KUPI has not asserted an immunity defense that would warrant staying discovery pending a ruling on a dispositive motion, the Court finds that the risk of prejudice to Defendant

4

KUPI from proceeding with bifurcated discovery while the Motion to Dismiss is pending outweighs any risk of prejudice to Plaintiff from a temporary stay of discovery as to all parties.

**IT IS THEREFORE ORDERED THAT** the Motion to Stay Discovery (doc. 27) filed by Defendants Atkinson and Hegedorn and the Motion to Stay Discovery as to All Parties (doc. 36) field by Defendant KUPI are GRANTED.  Discovery is hereby stayed as to all Defendants until such time as the Court rules on the Motion to Dismiss (doc. 24) filed by Defendants Atkinson and Hagedorn.

**IT IS FURTHER ORDERED THAT** the final Pretrial Conference set for **June 15, 2005 at 10:00 a.m.** is hereby converted to a telephone status conference. The Court will initiate the conference call.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 27th day of April, 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties